No. 36,883

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, of Springfield, Massachusetts, *Appellee,* v. CHARLES F. HOBBS (Frank Sullivan substituted) as Commissioner of Insurance of the State of Kansas, *Appellant.*

(181 P. 2d 512)

PAUL H. HEINZ, judge.

Opinion filed June 7, 1947.

*Edward F. Arn,* attorney general, was on the briefs for the appellant.

*W. F. Lilleston* and *Henry V. Gott,* both of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to recover the difference between the amount of taxes plaintiff claimed to be due from it to the state for the year 1946 and the amount the defendant commissioner of insurance claimed to be due the state from plaintiff, which difference plaintiff was compelled to pay to defendant. Plaintiff's motion for judgment on the pleadings was sustained. The defendant has appealed.

The plaintiff alleged that it reported to defendant that based upon its business for the year ending December 31, 1945, pursuant to G. S. 1935, 40-252, it owed $11,237.21 taxes; that upon receipt of this report and a check for that amount defendant made an assessment

against it of $14,706.42, which defendant claimed to be due the state from plaintiff, under G. S. 1935, 40-253; that at no time was there any Massachusetts law requiring any insurance company or fraternal society organized under the laws of Kansas applying to do business in Massachusetts to make any payment for taxes greater than the amount required for such purpose under Kansas laws from insurance companies organized under the laws of Massachusetts.

The petition further alleged that prior to an amendment of the laws of Massachusetts in 1943 Kansas companies doing business in Massachusetts were required to pay one-fourth of one percent of the net value of all policies in force on December 31st of the previous year upon the lives of residents of Massachusetts; that in 1943 Massachusetts changed the "net value tax" to a two-percent premium tax, such as was in effect in Kansas, but provided that if on December 31, 1943, the net-value tax exceeded the two-percent premium tax on any foreign insurance company authorized to do business in Massachusetts that company should pay the greater net value tax until it was equal or exceeded by the two-percent premium tax; that there were not and never had been any Kansas insurance companies doing business or authorized to do business in Massachusetts; that if any Kansas company should attempt to do business in Massachusetts the statutes of that state would require it to pay a two-percent premium tax only, so that any Kansas company doing business in Massachusetts under the same circumstances and during the same period as the plaintiff did in Kansas in 1945, would have paid in Massachusetts only $11,237.21 and not $14,706.42; that before the payment of the greater tax the plaintiff advised defendant of its position but defendant informed plaintiff that he would not accept any payment under protest, and without payment of the $14,706.42 the commissioner of insurance refused to issue a certificate of authority to do business; that on that account the plaintiff paid the larger amount. Judgment was asked for the difference between these amounts or $3,469.21.

The plaintiff filed an amendment to this petition in which it stated the substance of certain Massachusetts statutes bearing on the question.

The parties made a stipulation as to the facts as follows:

"In arriving at the assessment in this case the defendant claimed, and the plaintiff denied, (a) that section 40-253, G. S. 1935, and that part of the Massachusetts law imposing an exaction of one-fourth of one percent of the net value of insurance policies, were applicable in the situation involved in this case;

(*b*) that such part of the Massachusetts law materially discriminated against Kansas corporations that might seek to do business in Massachusetts; (*c*) that the assessment of $14,706.42 was made to and did equalize the alleged discrimi-- nation caused by law, and so contending, the defendant commissioner assessed against the plaintiff the sum of $14,706.42, as admitted in the pleadings. There was and is no dispute about any other tax or fee, and none other is involved in this case.

"There is no dispute as to the facts involved in this case, except insofar as the foreign statute admitted and to be construed is considered a fact. The purpose of the litigation is to determine whether, under those facts, section 40-253, G. S. is applicable to this case, and whether, under those facts, that part of the Massachusetts law above-mentioned is applicable to this case, and to determine whether the application of the law to the facts requires the assessment of $14,706.42 or $11,237.21, and to preserve to each party hereto its rights to appeal to the Supreme Court of Kansas from any judgment this Court might render."

Both parties moved for judgment on the pleadings, that of the plaintiff was sustained and judgment entered in the amount prayed for.

The appellant first refers to G. S. 1935, 40-253. That section provides, in part, as follows:

"Whenever the existing or future laws of any other state or country shall require from insurance companies or fraternal benefit societies organized under the laws of this state, or of the agents thereof, applying to do business in such other state or country, any  . . .  taxes  . . .  greater than the amount required for such purpose from insurance companies of other states  . . .  all companies of any such state  . . .  doing business in this state shall  . . .  pay to the Commissioner of Insurance for taxes  . . .  an amount equal to the amount of such charges and payments imposed by the laws of such other state  . . .  upon the companies of this state."

The above is sometimes referred to as the retaliatory tax statute. Its theory was stated by us in *Employers Casualty Co. v. Hobbs*, 149 Kan. 774, 89 P. 2d 923. There we said:

"Under our statutes an insurance company organized under the laws of another state or country is required to pay certain specified fees as a condition to its right to do business in this state. In order to insure that insurance companies organized under the laws of this state seeking to do business in another state may be accorded fair treatment, we have the retaliatory statute. Whether the statute comes into operation with respect to any foreign insurance company depends on the exactions required by the state of its domicile of Kansas insurance companies seeking to do business there. And where our statute refers to exactions by other states 'greater than the amount required for *such purpose* from insurance companies of other states by the then existing laws of this state' the purpose to be served is compliance as a condition to the right to do business."

Chapter 509 of the Laws of Massachusetts for 1941 provided in section 5, in part, as follows:

"Every life insurance company, as defined by section one hundred and eighteen of chapter one hundred and seventy-five, authorized to transact business in the commonwealth shall annually pay an excise of one-quarter of one percent upon the net value of all policies in force on December thirty-first of the year preceding that in which the tax is payable, issued or assumed by such company on the lives of residents of this commonwealth as determined by the commissioner from the return required under this section and such other evidence as he may obtain."

This section was amended in 1943 by the Laws of Massachusetts, chapter 531, section 1, as follows:

"Every life insurance company, as defined by section one hundred and eighteen of chapter one hundred and seventy-five, authorized to transact business in the commonwealth shall annually pay an excise, as determined by the commissioner, of two percent upon all new and renewal premiums received during the preceding calendar year for all policies allocable to this commonwealth, as hereinafter provided."

The same chapter provided in section 2 as follows:

"Any life insurance company, authorized to transact business in the commonwealth on December thirty-first, nineteen hundred and forty-three, which would be required under section twenty of chapter sixty-three of the General Laws, as amended by section one of this act, to pay a premium excise greater than an excise upon the net value of its policies under said section twenty as effective on said date, in the year nineteen hundred and forty-four and in any subsequent consecutive year, in lieu of the two percent premium excise as provided in said section twenty, as amended by section one of this act, shall, except as hereinafter provided, annually pay the excise upon the net value of policies imposed by said section twenty as effective on December thirty-first, nineteen hundred and forty-three. Said excise shall be paid for each year until the year for which the amount thereof equals or exceeds the amount of the premium excise imposed by said section twenty, as amended by section one of this act, and for that year and annually thereafter such company shall pay an excise on the premium basis."

Defendant points to the above sections and argues that had a Kansas company been doing business in Massachusetts on December 31, 1943, and had its tax calculated on the basis of one-fourth of one percent of the net value of its policies been greater than if it had been calculated on the basis of two percent premium tax, then that company would have been required to pay the larger amount calculated on the net value theory, and in retaliation plaintiff should be compelled to pay taxes in Kansas calculated on the one-fourth-of-one-percent rate since that would be the theory upon

which a Kansas company would have been compelled to pay in 1944 and subsequent years under the same circumstances to do business in Massachusetts.

Defendant argues that the correct method to employ in determining the total excise to be paid by a foreign corporation doing business in this state is to apply the statute of the domicile of the foreign corporation as though it were the statute of this state. (See *Employers Casualty Co. v. Hobbs*, 152 Kan. 815, 107 P. 2d 715.) The defendant then points out the pertinent Massachusetts statutes which have already been set out in this opinion, that is, every company shall pay annually an excise tax of two percent upon all new and renewal premiums received during the preceding year for all policies allocable to the commonwealth; and that any life insurance company authorized to transact business in the comonwealth on December 31, 1943, which would be required under section 1 to pay a premium excise less than the excise on the net value, shall each year thereafter pay one-fourth of one percent on the net value of its policies.

Defendant next argues that in order to bring itself within the provisions of the two-percent class in the Massachusetts statute, plaintiff would have to plead and prove that the two-percent premium excise on its business equaled or exceeded the excise of one-fourth of one percent on December 31, 1943, and for each subsequent year and since it failed to do this its petition failed to state a cause of action.

This argument overlooks the realities of the situation. G. S. 1935, 40-253, provides in substance that it shall apply if the laws of Massachusetts shall require from Kansas companies applying to do business in Massachusetts any payment for taxes greater than the amount required for such purpose by the then existing laws of Kansas. Our attention is called to the use of the word "applying" as distinguished from "having applied." Our attention is also called to the fact that there were no Kansas companies doing business in Massachusetts prior to December 31, 1943, so that any Kansas company to which the statute of Massachusetts would apply would be one which applied for admission subsequent to December 31, 1943. The Massachusetts statute in such a situation would require that a Kansas company pay on the two-percent basis. Such is the clear meaning of the Massachusetts statute. No larger payment is required of a Kansas company applying to do business in Massachu-

setts than is required of a Massachusetts company by G. S. 1935, 40-252, without reference to G. S. 1935, 40-253. Such an interpretation accomplishes the result for which G. S. 1935, 40-253, was enacted, that is, an equalization of the burden as nearly as can be among the states.

It is generally known that until the Massachusetts law was amended in 1943 to provide for the two-percent premium tax plaintiff did pay in Kansas at the one-fourth-of-one-percent rate. This was proper because had a Kansas company applied to do business in Massachusetts it would have been compelled to pay at that rate. That is not the case now. A Kansas company applying to do business in Massachusetts would pay the two-percent rate. There is no other rate.

The judgment of the trial court is affirmed.

HOCH, J., not participating.