(Nos. 32606, 32607.—

Massachusetts Mutual Life Insurance Company, Appellant, *vs.* N. P. Parkinson, Director of Insurance, *et al.,* Appellees.

*Opinion filed January 22, 1953.*

ECKERT, PETERSON & LEEMING, of Chicago, and GILLESPIE, BURKE & GILLESPIE, of Springfield, (LOUIS F. GILLESPIE, FREDERICK H. STONE, OWEN RALL, and HERBERT C. LOTH, JR., of counsel,) for appellant.

IVAN A. ELLIOTT, Attorney General, of Springfield, (WILLIAM C. WINES, JOHN T. COBURN, and WAYNE R. COOK, of counsel,) for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This case involves the interpretation of our statutes and those of the Commonwealth of Massachusetts as they relate to the taxation of foreign insurance companies. On the assumption that the law of Massachusetts called into play the "retaliatory" section of the Illinois statute, the Director of Insurance assessed the plaintiff, Massachusetts Mutual Life Insurance Company, a Massachusetts corporation, under that section for the years 1946 and 1947. In each year the plaintiff paid under protest the difference between the amount of tax which would normally have been due and the amount assessed on the retaliatory basis, and then brought suit in the circuit court of Sangamon County to restrain the payment of the disputed amount into the State treasury and to obtain a refund. The facts are stipulated. The court held that the retaliatory section was applicable and entered decrees accordingly, but restrained the payment of the contested portion into the State treasury pending the determination of this court. This appeal followed, and the separate actions relating to each of the years in question have been consolidated.

The Illinois tax upon foreign insurance companies doing business within the State is imposed at the rate of two per cent of the premiums collected annually on policies covering risks within the State. (Ill. Rev. Stat. 1951, chap. 73, par. 1021.) The retaliatory section of the Illinois Insur-

ance Code (Ill. Rev. Stat. 1951, chap. 73, par. 1056,) imposes a different tax upon companies organized under the law of any foreign State which imposes, upon Illinois companies doing business there, taxes which are greater in the aggregate than those imposed by Illinois upon foreign companies. As to those companies, the retaliatory section adopts the law which the State of their incorporation applies to Illinois corporations, and taxes them accordingly. The issue in this case is whether or not the laws of Massachusetts, as they existed in 1946 and 1947, imposed greater taxes upon Illinois companies doing business there than were imposed by Illinois upon foreign companies doing business here.

Prior to 1944, life insurance companies in Massachusetts were taxed on a "net value" or "reserve" basis of one-fourth of one per cent of the net value of all policies in the Commonwealth at the close of business on December 31 of the preceding year. (G.L. Mass. (Ter. Ed.) chap. 63, par. 20.) By an amendment effective January 1, 1944, a change was made in the Massachusetts tax pattern. Section 1 of chapter 531 of the Acts and Resolves of Massachusetts, 1943, fixes as the normal or usual tax an annual tax of two per cent upon premiums received, which, for present purposes, is identical with the Illinois tax. Sections 2 and 3 of chapter 531 are apparently designed to make less abrupt the transition to the new basis of taxation. Both these sections are limited in their application to companies which were authorized to transact business in Massachusetts on January 1, 1944. Section 2 deals with those companies whose tax on the old reserve basis would be less than the tax on the new premium basis. It provides that such companies shall continue to pay on the old reserve basis until the tax so computed shall equal or exceed a tax computed on the new premium basis. Thereafter, they are to pay on the new basis. Section 3 deals with companies whose tax on the new basis is less than on the old. It pro-

vides that such companies shall continue to pay on the old basis until the tax on the new basis equals or exceeds the tax on the old basis. Thereafter, the tax is imposed on the new basis.

It is apparent that it is only section 3 of the Massachusetts statute which could possibly invoke the Illinois retaliatory provision. Under section 1, any Illinois company going into business in Massachusetts after January 1, 1944, would be required to pay what is, in substance, the Illinois tax. And under section 2, the maximum Massachusetts tax is equal to that of Illinois. Under section 3, however, it is possible that an Illinois corporation which was doing business in Massachusetts on January 1, 1944, could be taxed an amount (on the old reserve basis) which would exceed the tax (on the premium basis) which Illinois imposes upon Massachusetts corporations.

It is because of that possibility of a higher tax under section 3 of the Massachusetts statute that the Director of Insurance of Illinois assessed the 1946 and 1947 taxes against the plaintiff on the reserve basis under the retaliatory section, and it is upon that possibility that the tax is here sought to be sustained. It is stipulated that in 1946 and 1947 there were only two Illinois companies doing business in Massachusetts, and that for the year 1944 and each succeeding year, a tax upon these two companies on the old reserve basis would amount to considerably less than two per cent of the premiums collected on their Massachusetts policies. So it appears that under the law of Massachusetts no Illinois company was being taxed an amount higher than the Illinois tax in 1946 and 1947. And because of the self-contained limitations upon the applicability and duration of the Massachusetts statute, no Illinois company will in the future be taxed at other than the Illinois rate.

It is urged, however, that under the decision of this court in *Germania Ins. Co.* v. *Swigert,* 128 Ill. 237, we

are committed to the view that in determining the applicability of the retaliatory provision we are to look only to the language of the foreign statute, and may not appraise the way in which it will in fact operate. We do not so interpret the *Germania case*. There it was held that Louisiana companies were subject to the Illinois Retaliatory Act of 1869 even though no Illinois companies were then being subjected to the Louisiana tax because no Illinois companies were then doing business in Louisiana. Pointing out that the existence of the Louisiana tax might itself account for the fact that no Illinois corporations were doing business there, the court stated that "it is the *existence of the law*, and not the *application of the law to its subject matter*" that governs the operation of the retaliatory provision.

What was there said was entirely appropriate to the question before the court because the Louisiana statute with which the court was there concerned applied generally to all insurance compaines,—those then doing business in Louisiana and those which might seek to do so in the future. (128 Ill. at 239.) "Existence of the law" could be determined from the face of the statute. But what was there said is not controlling in this case because the Masschusetts statute here involved contains intrinsic limitations as to its applicability and duration. So far as the taxation of Illinois companies is concerned, the existence of section 3 of the Massachusetts statute depends by its very terms upon whether any Illinois companies now fall, or can in the future fall, within its limitations. And under our present statute ample means exist by which the factual situation can be determined. Ill. Rev. Stat. 1951, chap. 73, pars. 744, 745.

The retaliatory section of the Illinois Insurance Code becomes operative "Whenever the existing or future laws of any other state  *  *  *  shall require of companies incorporated  *  *  *  under the laws of this State  *  *  *

the payment of * * * taxes greater than the * * * taxes required in the aggregate for like purposes by this * * * State, of foreign * * * companies, * * *." The stipulated facts establish that in 1946 and 1947 the existing laws of Massachusetts did not require of Illinois corporations taxes greater than those which Illinois requires of foreign companies. It follows that the plaintiff's tax should not have been assessed under the retaliatory section. Like conclusions with respect to the same Massachusetts statute have been reached in *Massachusetts Mutual Life Insurance Co.* v. *Knowlton,* 94 N. H. 409, 54 Atl. 2d 163, and *Massachusetts Mutual Life Insurance Co.* v. *Hobbs,* 163 Kan. 289, 181 Pac. 2d 512.

The decrees of the circuit court of Sangamon County are therefore reversed and judgments will be entered here in favor of plaintiff and against defendant for $16,585.11, and costs, in No. 32606, and $3420.58, and costs, in No. 32607.

*Reversed with judgments here.*